RENDELL, Circuit Judge—
Concurring.
I am pleased to join in the majority’s scholarly opinion. As amply demonstrated by the majority’s historical exegesis, theft by deception is a hybrid crime that is both a theft offense, 8 U.S.C. § 1101(a)(43)(G), and an offense involving fraud or deceit, 8 U.S.C. § 1101(a)(43)(M)(i). Therefore, in order to qualify as an aggravated felony, it must be shown that Nugent’s conviction for theft by deception qualifies under the statutory definitions for both theft offenses and fraud/deceit offenses. I think this is necessary to carry out Congress’s intention. Nugent’s conviction was for an offense that involved deceit resulting in a loss of less than the $10,000 minimum set forth in (M)(i). However, while I applaud Judge Aldisert’s logical tour de force in *180 devising a way to reason to this conclusion under the statute, I write separately to stress that this logic should not compel that we combine definitions within this section, as a general rule. Rather, only where an offense is a hybrid — as I submit theft by deception is — and the aggravated felony classifications contain two distinct, clearly applicable tests, should we conclude that both must be fulfilled in order for the offense to qualify as an aggravated felony.